**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS ALBERTO ENRIQUEZ,

Defendant - Appellant.

No. 14-50182

D.C. No. 3:11-CR-03261-BEN-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted February 1, 2016
Pasadena, California

Before: D.W. NELSON, CALLAHAN, and N.R. SMITH, Circuit Judges.

Luis Alberto Enriquez appeals the district court's denial of a minor role

reduction at sentencing. Enriquez also argues that on remand, the case should be

reassigned to a different district court judge. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 1291, and we reverse and remand to the same district court judge for re-sentencing in light of newly amended U.S.S.G. § 3B1.2.[1]

1.     We review the district court's interpretation of the Sentencing Guidelines de novo and the district court's factual findings for clear error. *United States v. Hornbuckle*, 784 F.3d 549, 553 (9th Cir. 2015). We have previously noted an intracircuit conflict as to whether the standard of review for application of the Guidelines to the facts is de novo or abuse of discretion. *Id.* We need not resolve that conflict here because "the choice of standard . . . does not affect the outcome of this case." *Id.* (internal quotation marks omitted).

In November 2015, approximately eight months after Enriquez was re-sentenced, the United States Sentencing Commission published Amendment 794 (the Amendment) after finding that the minor role reduction was being "applied inconsistently and more sparingly than the Commission intended." U.S.S.G. App. C. Amend. 794. Among other changes, the Amendment added a non-exhaustive list of factors a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2, comment., n.1(c).

---

[1] Enriquez also argues that the Government and the district court acted vindictively. Because we remand for re-sentencing, we do not reach these issues.

The Amendment applies retroactively in direct appeals. *See United States v. Quintero-Leyva*, – F.3d – (9th Cir. 2016). Because we cannot determine from the record whether the district court considered all the factors now listed in § 3B1.2 when sentencing Enriquez, we vacate the sentence and reverse and remand for re-sentencing in light of newly amended § 3B1.2. On remand, the district court "should consider" the factors identified in Amendment 794: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from the criminal activity.

2. Our review of the record does not demonstrate that "'personal biases or unusual circumstances'" exist such that this case should be reassigned to a different district court judge. *United States v. Kyle*, 734 F.3d 956, 966–67 (9th Cir. 2015) (quoting *United States v. Lyons*, 472 F.3d 1055, 1071 (9th Cir. 2006)).

**REVERSED and REMANDED.**